UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-5702 MMM (CWx) | Date | September 18, 2009 |
| Title | *Breakdown Services, Ltd. v. My Entertainment World, Inc. et al.* | | |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| | |
|---|---|
| ANEL HUERTA | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **Order To Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

## I. FACTUAL BACKGROUND

On August 29, 2008, plaintiff Breakdown Services, Ltd. filed a complaint against defendant My Entertainment World, Inc. The clerk entered defendant's default on November 7, 2008. Plaintiff thereafter filed a motion for default judgment. Plaintiff's complaint asserts that defendant violated its copyrights in numerous summaries of film and television scripts, known as "breakdowns" by publishing the breakdowns on the internet.[1] It alleges that "[p]rior to the filing of the present action, [plaintiff] duly applied for registration of the works which are the subject of this action."[2] All of the copyright registration certificates submitted in support of plaintiff's motion for default judgment, however, list September 15, 2008 as the "effective date of registration."[3]

---

[1] Breakdowns are prepared for casting directors, talent agencies and others in the entertainment industry.

[2] Complaint, ¶ 8.

[3] Declaration of Gary Marsh ("Marsh Decl."), ¶ 9; Exhs. 4, 6, 8, 11, 13, 15, 18, 20, 23, 25, 27, 29, 31, 33, 35, 38, 41, 45, 47, 49, 51, 53.

## II.  DISCUSSION

17 U.S.C. § 411(a) provides: ". . . [N]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  The Ninth Circuit has not addressed the proper interpretation of § 411(a), and there is a split of authority as to whether a copyright must actually have been registered before jurisdiction under § 411(a) attaches.  Compare *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1204 (10th Cir. 2005) ("[W]e reject the proposition that § 411 confers federal court jurisdiction for an infringement action upon mere submission of a copyright application to the Copyright Office.  In our view, the statute requires more: actual registration by the Register of Copyrights.  Until that happens, an infringement action will not lie in the federal courts"); *Strategy Source, Inc. v. Lee*, 233 F.Supp.2d 1, 3 (D.D.C. 2002) ("[T]his Court concludes that the position adopted by the Eleventh Circuit and several district courts is the approach mandated by section 411(a).  The Court is in agreement with those courts that have found that permitting an infringement lawsuit to go forward in the absence of a registration certificate or denial of the same is in tension with the language of section 411(a) of the Copyright Act"); *Brush Creek Media, Inc. v. Boujaklian*, No. C-02-3491, 2002 WL 1906620, *3-4 (N.D.Cal. Aug. 19, 2002) ("[T]he plain language of the [Copyright] statute precludes institution of an infringement action while a copyright application is merely pending, even though the Court . . . [believes] that this result is inefficient"); *Harvard Apparatus, Inc. v. Cowen*, 130 F.Supp.2d 161, 164 (D. Mass. 2001) ("With respect to . . . copyright infringement . . . registration is a prerequisite to suit. . ."); *Kregos v. Associated Press*, 795 F.Supp. 1325, 1331 (S.D.N.Y. 1992) ("Before commencement of an action for copyright infringement, a person must register a copyright claim with the Copyright Office. . . .  Indeed, '[r]eceipt of an actual Certificate of Registration or denial of [the] same is a jurisdictional requirement'" (citations omitted)) with *Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 365 (5th Cir. 2004) ("Although some circuits require that a plaintiff actually obtain a certificate from the Copyright Office before bringing suit, the Fifth Circuit requires only that the Copyright Office actually receive the application, deposit, and fee before a plaintiff files an infringement action," citing *Lakedreams v. Taylor*, 932 F.2d 1103, 1008 (5th Cir. 1991)); *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984) ("In order to bring suit for copyright infringement, it is not necessary to prove possession of a registration certificate.  One need only prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application"); *International Kitchen Exhaust Cleaning Ass'n. v. Power Washers of North America*, 81 F.Supp.2d 70, 72 (D.D.C. 2000) ("To best effectuate the interests of justice and promote judicial economy, the court endorses the position that a plaintiff may sue once the Copyright Office receives the plaintiff's application, work, and filing fee"); *Dielsi v. Falk*, 916 F.Supp. 985, 994 n. 6 (C.D. Cal. 1996) ("Plaintiff can satisfy the § 411(a) requirement by merely filing an application for registration with the Copyright Office.  Once the Copyright Office *receives* Plaintiff's application, he can bring a claim for copyright infringement.  The receipt of Plaintiff's application satisfies § 411(a)'s jurisdictional requirement, whether or not the application is granted or denied, and whether or not the application precedes or follows the alleged infringement" (emphasis original; citations omitted)); *Havens v. Time Warner, Inc.*, 896 F.Supp. 141, 142-43 (S.D.N.Y.

1995) ("In order to bring suit for copyright infringement, it is not necessary to prove possession of a registration certificate," citing *Apple Barrel*, 730 F.2d at 386); see generally *Loree Rodkin Management Corp. v. Ross-Simons, Inc.*, 315 F.Supp.2d 1053, 1054 (C.D. Cal. 2004) (noting the "rather clear split in authority on the matter, including a decisive split between various California district courts" and the lack of Ninth Circuit authority). Although some courts in this district have followed the cases holding that a registration certificate is a prerequisite to suit, see, e.g., *Loree Rodkin*, 315 F.Supp.2d at 1055, in *Gable-Leigh, Inc. v. North American Miss*, No. CV 01-01019 MMM, 2001 WL 521695, *4 (C.D.Cal. Apr. 13, 2001), this court held that a plaintiff can satisfy the registration requirement by showing that the Copyright Office received its application, fee, and deposit of the work in question prior to the date suit was filed.

In its complaint, plaintiff alleges that it "duly applied for registration" of the breakdowns before filing suit. The registration certificates submitted in support of plaintiff's motion for default judgment, however, state that the "effective date of registration" of the works is September 15, 2008. Under 17 U.S.C. § 410(d), "[t]he effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." It thus appears that the Copyright Office did not receive necessary materials from plaintiff until September 15, 2008. Given the evidence submitted in support of the motion for default judgment, the precise meaning of plaintiff's allegation that it "duly applied for registration" prior to filing suit is unclear. Perhaps, plaintiff meant to suggest that the Copyright Office received its applications prior to the date the complaint was filed, but not the application fees or deposit of the works. Alternately, plaintiff may have sent the materials before filing suit, but the Copyright Office did not receive them until September 15, 2008.

The court is thus in doubt as to whether plaintiff has satisfied the requirements of § 411(a). No court has held that a plaintiff can satisfy § 411(a) simply by placing the registration application, fee and deposit in the mail prior to filing suit, and the statute requires receipt of all three items, not simply the application itself, by the Copyright Office before suit is initiated. Given the fact that a subsequently issued registration is deemed effective on the day the Copyright Office received the application, fee and deposit, Nimmer opines that "it makes sense . . . to refer to *application for registration* as a condition to filing an infringement action, whereas *issuance of a registration certificate* is a condition to statutory damages, *prima facie* registration, constructive notice, and . . . other consequences. . . ." 2 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT, § 7.16[B][1][a] at p. 7-155 (2005).

In sum, even if the court were to follow its prior decision and apply the application rule, it is not certain that it had subject matter jurisdiction at the time the action was filed. This raises the question whether the court can allow plaintiff to file an amended or supplemental complaint that cures the jurisdictional defect, since the works were subsequently registered. At least some courts have permitted this type of post-hoc correction. See, e.g., *Positive Black Talk Inc.*, 394 F.3d at 365 (holding that a judgment entered by a district court that refused to dismiss for lack of subject matter

jurisdiction was not a nullity because the "jurisdictional defect was cured when the Copyright Office received PBT's application, deposit and fee four days after PBT filed suit"); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990) (holding, where the district court dismissed an action because plaintiff had failed to register its copyright before filing suit, but allowed the filing of an amended complaint after registration was obtained, that the appellate court had jurisdiction to address the merits of the complaint because " [t]he amended complaint . . . contained all of the required allegations," and "[e]xcept for the technical distinction between filing a new complaint and filing an amended complaint," defendant "was not prejudiced"); *J. Racenstein & Co., Inc. v. Wallace*, No. 96 CIV. 9222(TPG), 1997 WL 605107, *1 (S.D.N.Y. Oct. 1, 1997) ("Where an action is commenced without registration being effected, the defect can be cured by subsequent registration, and an appropriate amendment to the complaint may be made to provide the necessary basis for subject matter jurisdiction"). But see *La Resolana*, 416 F.3d at 1208 n. 14 (declining to decide whether a litigant can cure a complaint that is jurisdictionally defective under the Copyright Act by amending it).

Permitting amendment appears to be at odds with 28 U.S.C. § 1653 and the Supreme Court's decision in *Newman-Green v. Alfonzo-Larrain*, 490 U.S. 826 (1989), however. Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Interpreting this statute in *Newman-Green*, the Supreme Court stated:

> "At first blush, the language of [28 U.S.C. § 1653] appears to cover the situation here, where the complaint is amended to drop a nondiverse party in order to preserve statutory jurisdiction. But § 1653 speaks of amending '*allegations* of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves. . . . It does not apply to the instant situation, where diversity jurisdiction does not, in fact, exist." *Id.* at 830-31 (emphasis original).

The Ninth Circuit has followed the Supreme Court's directive in this regard. See, e.g., *Telluride Management Solutions, Inc. v. Telluride Investment Group*, 55 F.3d 463, 466 (9th Cir. 1995) ("With some limitations, the district court may allow amendment of the complaint to remedy defective allegations of jurisdiction. Amendment may not be allowed for defective jurisdiction itself, but amendment is allowed for defects in form" (citations omitted)), abrogated on other grounds in *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198 (1999); *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376, 1381 n. 3 (9th Cir. 1988) ("When the district court has jurisdiction over the action at the outset but the complaint inadequately alleges jurisdiction, the court may grant leave to amend the defective allegations. See 28 U.S.C. § 1653. . . . Section 1653 provides a remedy for defective allegations only; 'it does not provide a remedy for defective jurisdiction itself'"). Absent some further explanation, therefore, it appears that the court lacks

jurisdiction over the action.[4]

### III. CONCLUSION

For the reasons stated, the court directs plaintiff to show cause on or before September 30, 2009 why the action should not be dismissed for lack of jurisdiction.

---

[4]The Supreme Court has granted certiorari to decide the question: "Does 17 U.S.C. § 411(a) restrict the subject matter jurisdiction of the federal courts over copyright infringement actions?" *Reed Elsevier, Inc. v. Muchnick*, 129 S.Ct. 1523 (Mar. 2, 2009); see also *Brooks-Ngwenya v. Indianapolis Public Schools*, 564 F.3d 804, 806 (7th Cir. 2009) (noting grant of certiorari). The present rule in the Ninth Circuit is that the statute is jurisdictional. See *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d1146, 1154 n. 1 (9th Cir. 2007) ("Registration is generally a jurisdictional prerequisite to a suit for copyright infringement"). The *Perfect 10* court held that a district court may enjoin infringement of unregistered copyrights as a remedy once it has obtained jurisdiction over an action regarding a registered copyright under § 411(a). *Id.* While not all circuit courts agree that injunctive relief is available as to unregistered works once jurisdiction is obtained, "there is widespread agreement among the circuits that section 411(a) is jurisdictional." See *In re Literary Works in Electronic Databases Copyright Litigation*, 509 F.3d 116, 121-22 (2d Cir. 2007), cert. granted sub nom. *Reed Elsevier*, 129 S.Ct. 1523 (collecting cases). If § 411(a) were not truly jurisdictional but rather a "claim-processing rule," see *Electronic Databases Copyright Litigation*, 509 F.3d at 130-33 (dissenting opinion), this might support granting plaintiff leave to amend. Pending further clarification from the Supreme Court, however, the court will follow the rule in the Ninth Circuit and other circuit courts, and treat the statute as jurisdictional.